IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| COREY DELON GORDON, SR., Individually and on behalf of others similarly situated, | ) ) ) ) ) | Civil Action<br><br>Case No. CIV-17-1196-M |
| Plaintiffs, | ) ) | **CLASS ACTION COMPLAINT** |
| v. | ) ) | **JURY DEMAND** |
| SPECIALIZED LOAN SERVICING LLC; | ) ) ) ) | |
| Defendant. | ) | |

Plaintiff COREY DELON GORDON, SR., individually and on behalf of others similarly situated ("Plaintiffs") allege against Defendant SPECIALIZED LOAN SERVICING LLC ("Defendant") as follows:

## I. PRELIMINARY STATEMENT

1. This is a civil action for damages, costs, and fees arising from Defendant's violations of 15 U.S.C. §§ 1692-1692p, the Fair Debt Collection Practices Act ("FDCPA").

## II. JURISDICTION AND VENUE

2. This civil action arises under the Constitution, laws, or treaties of the United States.

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

4. This is an action to enforce liability created by the FDCPA.

5. This Court has jurisdiction over this action pursuant to 15 U.S.C. 1692k(d).

6. A substantial part of the events or omission giving rise to Plaintiffs claim occurred in this judicial district.

7. Venue is proper in this judicial district under 28 U.S.C. § 1391(b).

1

## III. PARTIES

8. Plaintiffs, and each of them, are natural persons.

9. Plaintiffs are allegedly obligated to pay a "debt" as defined by 15 U.S.C. § 1692a(5).

10. Plaintiff are "consumer[s]" as defined by 15 U.S.C. § 1692a(3).

11. Defendant is an artificial person or limited liability company.

12. Defendant is registered with the Oklahoma Secretary of State under filing number 3712084816 as an active Foreign Limited Liability Company formed on October 6, 2005, whose registered agent is Capitol Document Services, Inc., 101 N. Robinson Ave., 13th Fl., Oklahoma City, OK 73102.

13. Defendant does business as SLS.

14. Defendant, through its subsidiaries, employees, agents, and/or representatives, use instrumentalities of interstate commerce or the mails in their businesses for the principal purpose of the collection of "debt" as defined by 15 U.S.C. § 1692a(5).

15. Defendant, through their subsidiaries, employees, agents, and/or representatives, regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

16. Defendant, through its subsidiaries, employees, agents, and/or representatives, collect debts from consumers, including Plaintiffs, under its name or does business as "SLS."

17. Defendant, through its subsidiaries, employees, agents, and/or representatives, furnish credit information about consumers, including Plaintiffs.

18. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## IV. FACTS

19. Within one (1) year of the filing of this complaint, Plaintiffs obtained copies of their consumer reports (also known as "credit reports").

20. Defendant had tradelines on Plaintiffs' credit reports that listed a debt or alleged debt under Defendant's name.

21. Within one (1) year of the filing of this complaint, Plaintiffs mailed one or more letters to Defendant advising Defendant that Plaintiffs disputed the debt or alleged debt and requested validation and verification of the debt or alleged with respect to all accounts.

22. Over a month thereafter, respectively, Plaintiffs, having received nothing in the way of the requested information, ran and obtained their credit reports.

23. Defendant failed to mark the tradelines on Plaintiff's credit reports as disputed, despite having reported the alleged debts to consumer reporting agencies after Plaintiffs submitted their respective written disputes to Defendant.

24. As a result of Defendant' conduct, Plaintiffs have suffered from mental anguish, emotional distress, loss of time, loss of credit opportunity, lowered credit scores, and costs.

## V. COUNT I – VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(8)

25. Plaintiffs repeat the allegations contained in paragraphs 1 through 24 and incorporate them as if set forth at length verbatim herein.

26. Defendant were the authors and furnishers of tradelines on Plaintiffs' credit reports.

27. Plaintiffs advised Defendant by letters via mail or telephone that debts or alleged debts reported or furnished by Defendant on Plaintiffs' credit reports were being disputed.

28. Plaintiffs, having not received any of the information and/or documentation as requested in their letters, ran another credit report over a month after Defendant received Plaintiffs' mailed dispute letters or put on notice of Plaintiffs' disputes.

29. Defendant reported debt tradelines on Plaintiffs' credit reports within one (1) year of the filing of this action, but failed to update the tradelines as disputed despite having received notice of Plaintiffs' disputes of the debts or alleged debt prior to Defendant further furnishing tradeline information to consumer reporting agencies concerning Plaintiffs.

30. Defendant' failure to update the credit report to accurately reflect that Plaintiffs' debts or alleged debts were disputed when updating their tradelines is a violation of 15 U.S.C. 1692e(8), which prohibits the failure to communicate that a disputed debt or alleged debt is disputed.

## VI. CLASS ALLEGATIONS

31. Plaintiffs bring this action on behalf of a Class consisting of (a) all natural persons in the State of Oklahoma, (b) who have tradelines by Defendant on their consumer reports, (c) regarding debt(s) or alleged debt(s), incurred for personal, family, or household purposes, (d) that was disputed orally or in writing with Defendant, and (e) Defendant failed to update the credit report to reflect the debt(s) or alleged debt(s) as disputed after receiving the disputes and updating their tradelines within one (1) year of the filing of this action.

32. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 100 members of the Class.

33. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominate question is whether Defendant's failure to notate disputed debts or alleged debts as disputed when furnishing tradeline information to consumer reporting agencies after receiving notice that the debts or alleged debts are disputed by the respective consumers violates the FDCPA.

34. Plaintiffs' claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

35. Plaintiffs will fairly and adequately represent the interests of the Class members. Plaintiffs have retained counsel experienced in consumer credit and debt collection abuse cases.

36. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## VII. JURY DEMAND

37. Plaintiffs hereby demand a trial by jury on all issues so triable

## VIII. REQUEST FOR RELIEF

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and the Class and against Defendant for:

a. actual damages;

b. statutory damages;

c. attorneys' fees, litigation expenses and costs of suit; and

d. such other or further relief as the Court deems just and proper.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: November 6, 2017 | s/ Brian L. Ponder <br> Brian L. Ponder, Esq. <br> BRIAN PONDER LLP <br> 200 Park Avenue, Suite 1700 <br> New York, New York 10166 <br> Telephone: (646) 450-9461 <br> Facsimile: (646) 607-9238 <br> Email: brian@brianponder.com <br> ATTORNEY FOR PLAINTIFFS |